UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| GALO DELGADO,<br><br>      Plaintiff,<br><br>v.<br><br>BURLINGTON COAT FACTORY,<br>a foreign corporation<br><br>      Defendant. | Case No. : |

## DEFENDANT'S NOTICE OF REMOVAL

**COMES NOW** Defendant Burlington Coat Factory Warehouse Corporation[1] ("Burlington" or "Defendant"), by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of such removal states:

1. Burlington is the sole Defendant in this civil action filed in the Ninth Judicial Circuit in and for Osceola County, Florida, on or about December 5, 2019, titled *Galo Delgado v. Burlington Coat Factory, a foreign corporation*, Case No. 2019 CA 003954 OC (hereinafter, "the State Court Action").

2. Plaintiff's Complaint alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117, as amended ("ADAAA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"); Florida Statutes, §§ 760.10, *et.*

---

[1] Defendant "Burlington Coat Factory" has been improperly named. At all times material to Plaintiff's Complaint, Burlington Coat Factory Warehouse Corporation was Plaintiff's actual employer. This Notice of Removal is being submitted on behalf of the correctly named employer Burlington Coat Factory Warehouse Corporation and all references to "Defendant" or "Burlington" herein are on behalf of Burlington Coat Factory Warehouse Corporation.

*seq.*; and Florida Statutes, § 440.205. Because Plaintiff is asserting claims under federal statutes (the ADAAA and the ADEA), this action is subject to removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's alleged violations of Florida state law are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Federal court jurisdiction is proper because the state law claims are "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Further, Plaintiff's claims do not involve novel or complex state law issues, and the state law claims do not substantially predominate over the federal law claims. *See* 28 U.S.C. § 1367(c).

3.  The Summons and Complaint in the State Court Action were served upon Burlington via process server on January 8, 2020. (*See* Summons and Complaint attached hereto as part of *Composite Exhibit A*). This removal petition is therefore timely as it is filed within thirty (30) days after receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

4.  The events alleged by Plaintiff giving rise to this claim occurred in Osceola County, Florida. *See* Plaintiff's Complaint ¶5. Thus, venue properly lies in the United States District Court for the Middle District of Florida, Orlando Division.

5.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant, are attached hereto as *Composite Exhibit A*.

6.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed with the Ninth Judicial Circuit in and for Osceola County, Florida, a copy of which is attached hereto as *Exhibit B*.

**Federal Question Jurisdiction**

7. This action is properly removable to federal court because Plaintiff's Complaint presents a federal question pursuant to 28 U.S.C. § 1331, inasmuch as Plaintiff alleges violations of rights under the ADAAA, 42 U.S.C. §§ 12112, *et seq.*, and the ADEA, 29 U.S.C. §§ 621, *et seq.* Furthermore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See Judy v. Lee Mem'l Health Sys.*, No. 2:07-cv-211-FtM-34DNF, 2008 U.S. Dist. LEXIS 31093 (M.D. Fla. Mar. 31, 2008) (finding that exercise of supplemental jurisdiction over the plaintiff's state law claim was warranted in the plaintiff's ADAAA action).

8. Therefore, removal is appropriate pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, on the basis of the foregoing, Defendant Burlington Coat Factory respectfully submits that removal of this action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida to this Court is proper.

Dated this 28th day of January, 2020.

Respectfully submitted,

By: */s/ Luis A. Santos*
Luis A. Santos
Florida Bar No. 0084647
lsantos@fordharrison.com
Viktoryia Johnson
Florida Bar No. 125545
vjohnson@fordharrison.com

FORD & HARRISON LLP
101 E. Kennedy Boulevard
Suite 900
Tampa, FL 33602-5133
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendant Burlington Coat Factory Warehouse Corporation

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 28, 2020, I filed the foregoing using CM/ECF which will send a copy via e-mail to:

Daniel J. Bujan, Esq.
dbujan@rgpattorneys.com
Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
ns@rgpattorneys.com
Remer & Georges-Pierre, PLLC
444 West Flagler Street, Suite 2200
Miami, Florida 33130

/s Luis A. Santos
Attorney

WSACTIVELLP:11249767.2

- 4 -